THE HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

PROGRESSIVE DIRECT INSURANCE )
COMPANY and PROGRESSIVE )
CASUALTY INSURANCE COMPANY, )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )
                                    )
LEIF SUNDE, CHRISTOPHER STEIN, )
and MALINDA STEIN                   )
                                    )
            Defendant.              )
                                    )

No. 2:25-cv-00200-TOR

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Progressive Direct Insurance Company ("Progressive Direct") and Progressive Casualty Insurance Company ("Progressive Casualty") hereby submit the following Statement of Material Facts Not in Dispute in connection their Motion for Summary Judgment.

***The Policies***

1.      Progressive Casualty issued auto liability policy number 92141487 to Leif Sunde (the "Sunde Policy"). *See* Declaration of Lee A. Savage ("Savage Decl.") at Ex. 1, which includes the Sunde Policy's terms and conditions.

2.      Progressive Direct issued auto liability policy number 71234815 (the "Stein Policy") to Christopher Stein and Malinda Stein (the "Steins"). *See* Savage Decl. at Ex. 2, which includes the Stein Policy's terms and conditions.

PLAINTIFFS' STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE - 1
NO. 2:25-CV-00200-TOR

*The Underlying Lawsuit*

3.      On or about November 8, 2022, Mr. Sunde filed the first amended complaint ("FAC") in the lawsuit captioned *Leif Sunde v. Chris Stein and Jane Doe Stein dba CS Motor Sports*, Spokane County Superior Court Case No. 21-2-02787-32 (the "Underlying Lawsuit"). *See* accompanying Declaration of Gabe Baker ("Baker Decl.") at Ex. 1. The FAC's allegations include the following:

- In 2016, Mr. Sunde purchased a 1967 Lincoln Continental (the "Vehicle"), which was located in a shop owned by Mr. Stein. *Id.* at 2.

- In March 2017, Mr. Sunde needed work to be performed on the Vehicle, and placed an advertisement on Facebook. *Id.* at 3.

- Mr. Stein answered the advertisement and began to work on the Vehicle. *Id.*

- On or about July 9, 2020, Mr. Stein informed Mr. Sunde that the Vehicle had been damaged when it went into gear and shot around Mr. Stein's shop. *Id.*

- Mr. Stein attempted to repair and repaint the Vehicle, allegedly causing further damage in doing so. *Id.*

4.      The FAC asserts causes of action for breach of contract, breach of the implied warranty of merchantability, negligence, misrepresentation, and violation of the Washington Consumer Protection Act. *Id.* at 3-6.

5.      Mr. Stein filed a counterclaim in the Underlying Lawsuit, alleging as follows:

> Counterclaimant, Chris Stein, over time, performed substantial automotive repairs at the request of counter-defendant/plaintiff on the1967 Lincoln Continental not mentioned in plaintiffs' complaint for which counterclaimant was to be compensated. Plaintiffs has failed to fully compensate counterclaimant for this work. Counterclaimants are entitled to be compensated for this work…

> That over the years, counterclaimant/defendants provided seasonal storage for moths at a time of the 1967 Lincoln Continental for which

PLAINTIFFS' STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE - 2
NO. 2:25-CV-00200-TOR

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

counterclaimants have not been compensated…

*See* Ex. 4 to Baker Decl. at 5.

### The Steins' Insurance Claim

6.      By letter dated March 8, 2022, Progressive denied the Steins' tender of the Underlying Lawsuit based on two exclusions to the liability coverage provided by Part I of the Stein Policy. *See* Ex. 3 to Savage Decl.

6.      By letter to Progressive dated April 8, 2024, the Steins' counsel asked Progressive to reconsider its denial on the basis that Mr. Stein was not engaged in business when the Accident occurred, but was "simply moving [the Vehicle] from one location in his home shop/garage to another for the purpose of conducting personal activity unrelated to any business, business purpose, or for the purpose of making any profit." *See* Ex. 4 to Savage Decl.

7.      Thereafter, Progressive agreed to provide the Steins with a defense to the Underlying Lawsuit, subject to a full reservation of Progressive's rights to limit, withdraw, or deny coverage. *See* Ex. 5 to Savage Decl.

### Mr. Sunde's First-Party Insurance Claims

8.      By check dated October 7, 2022, Progressive paid the Sunde Policy's collision limit of $10,000 to Mr. Sunde. *See* Ex. 6 to Savage Decl.

9.      By letter dated February 6, 2024, Progressive denied Mr. Sunde's claim for comprehensive coverage because: 1) Mr. Stein's work was not within the scope of the comprehensive coverage provided by the Sunde Policy; and 2) the $10,000 **collision** limit (which Progressive had already paid to Mr. Sunde) applied to all damage to the Vehicle arising from the Accident, including damage to the paint. *See* Ex. 7 to Savage Decl.

10.      In February 2025, Mr. Sunde's counsel asked Progressive's counsel whether Mr. Sunde was entitled to comprehensive coverage under the Stein Policy. *See* Baker Decl., Ex. 2.

PLAINTIFFS' STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE - 3
NO. 2:25-CV-00200-TOR

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

11.    Progressive's counsel advised Mr. Sunde's counsel that the comprehensive coverage under the Stein Policy was not available to Mr. Sunde. *Id.*

12.    In April 2025, Mr. Sunde requested that Progressive provide a formal claim decision regarding whether comprehensive coverage was available to Mr. Sunde under the Stein Policy. *See* Baker Decl., Ex. 3.

13.    By letter dated May 2, 2025 Progressive denied Mr. Sunde's claim for comprehensive coverage under the Stein Policy because: 1) that coverage was only potentially available to the Steins, not Mr. Sunde; and 2) even if Mr. Stein had standing to seek coverage under the Stein Policy, the auto business exclusion to the comprehensive coverage section of the Stein Policy would apply. *See* Ex. 8 to Savage Decl.

DATED: December 4, 2025.

JENSEN MORSE BAKER PLLC

By: *s/Gabriel Baker*
        Gabriel Baker, WSBA No. 28473

        520 Pike Street; Suite 2375
        Seattle, WA 98101
        Telephone: (206) 682-1550
        Email: gabe.baker@jmblawyers.com

Attorneys for Plaintiffs

PLAINTIFFS' STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE - 4
NO. 2:25-CV-00200-TOR

## CERTIFICATE OF SERVICE

I, Gabriel Baker, hereby certify that on December 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants:

***Defendant, Pro Se:***
Leif Sunde
3425 S. Sundown Drive
Spokane Valley, WA 99206
(509) 437-0664

DATED this 4th day of December, 2025.

JENSEN MORSE BAKER PLLC

By: *s/Gabriel Baker*
    Gabriel Baker, WSBA No. 28473

    520 Pike Street; Suite 2375
    Seattle, WA 98101
    Telephone: (206) 682-1550
    gabe.baker@jmblawyers.com

Attorneys for Plaintiff Progressive Direct Insurance Company

PLAINTIFFS' STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE - 5
NO. 2:25-CV-00200-TOR