FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>LEIF SUNDE, CHRISTOPHER STEIN, and MALINDA STEIN,<br><br>Defendants. | NO. 2:25-CV-0200-TOR<br><br>ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiffs' Motion for Summary Judgment (ECF No. 24), and Defendant Leif Sunde's three motions for an extension of time to respond (ECF Nos. 29, 34, 39). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant Leif Sunde's motions for an extension of time (ECF Nos. 29, 34, 39) are **DENIED** and Plaintiffs' Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

Progressive Direct Insurance Company ("Progressive Direct") and Progressive Casualty Insurance Company ("Progressive Casualty") (collectively "Progressive") bring this action for declaratory judgment related to auto liability policy number 92141487 (the "Sunde Policy") Progressive Casualty issued to Leif Sunde ("Mr. Sunde") and auto liability policy number 71234815 (the "Stein Policy") Progressive Direct issued to Christopher and Malinda Stein (collectively the "Steins"). ECF No. 1.

**The Underlying Suit**

On November 8, 2022, Mr. Sunde filed his First Amended Complaint for Damages ("FAC") in Spokane County Superior Court, *Leif Sunde v. Chris Stein and Jane Doe Stein dba CS Motor Sports*, Case No. 21-2-02787-32, (the "Underlying Lawsuit") against the Steins alleging the following facts.

In March 2017, Mr. Sunde hired Chris Stein ("Mr. Stein") to work on Mr. Sunde's vehicle, a 1967 Lincoln Continental (the "Lincoln") that he purchased in 2016. ECF No. 27-1 at 3-4. On or about July 9, 2020, Mr. Stein informed Mr. Sunde that after he had started the Lincoln while it was on a lift, it had shifted into gear and shot around Mr. Stein's shop causing damage to the front driver's side panel (the "Accident"). *Id.* at 4. Mr. Stein told Mr. Sunde that he would cover the costs to fix the damage and would have the car professionally repainted. *Id.* Mr.

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 2

Stein then, without Mr. Sunde's knowledge or consent, repainted the car causing significantly more damage. *Id.* Mr. Stein finally returned the car to Mr. Sunde in June 2021 with a terrible paint job and additional damage to the body and frame of the car. *Id.* The car was appraised for $65,000 during an estimate for damages following the Accident. *Id.* at 3.

Mr. Sunde's FAC asserts several causes of action against the Steins including breach of contract, breach of implied warranty of merchantability, negligence, fraud, misrepresentation, and violation of the Washington Consumer Protection Act, RCW § 19.86. *Id.* at 4-6.

The Steins answered Mr. Sunde's FAC in the Underlying Lawsuit and asserted several counterclaims alleging that Mr. Sunde had failed to compensate Mr. Stein for certain services not mentioned in the FAC including other automotive repairs to the Lincoln and other vehicles owned by Mr. Sunde and his family members, and for seasonal storage of the Lincoln. ECF No. 27-4 at 6.

**The Insurance Claims**

Progressive previously agreed to provide the Steins with a defense in the Underlying Lawsuit, subject to a full reservation of rights to limit, withdraw, or deny coverage. ECF No. 25 at ¶ 7. On October 7, 2022, Progressive paid the Sunde Policy's collision limit of $10,000 to Mr. Sunde but denied his claim for comprehensive coverage for the stated reason that Mr. Stein's work did not fall

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 3

within the scope of the comprehensive coverage provided by the Sunde Policy and that the $10,000 collision limit applied for all damage arising from the Accident. *Id.* at ¶¶ 8,9.   Mr. Sunde then inquired whether comprehensive coverage was available to Mr. Sunde under the Stein Policy.  *Id.* at ¶ 10.  Progressive informed Mr. Sunde that comprehensive coverage under the Stein Policy was not available to Mr. Sunde and sent a formal letter denying such coverage at Mr. Sunde's request.  *Id.* at ¶¶ 11,12,13.  The stated reason for the denial was that comprehensive coverage under the Stein Policy was only available to the Steins and even if Mr. Sunde had standing to seek such coverage, it was subject to the auto business exclusion section of the Stein Policy.  *Id.* at ¶ 13.

**The Present Litigation**

Progressive filed its Complaint with this Court on June 10, 2025 seeking declaratory judgment that it has no duty to defend or indemnify the Steins in the Underlying Lawsuit, and that its policies to Mr. Sunde and the Steins do not provide comprehensive coverage with respect to the Accident.  ECF No. 1 at 11-12.

On December 4, 2025, Progressive filed the present motion for summary judgment seeking declaratory judgment that it owes no further coverage to Mr. Sunde or the Steins under either the Sunde Policy or the Stein Policy.  ECF No. 24. As a *pro se* litigant, Mr. Sunde's response brief was due January 4, 2026, however,

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 4

on January 7, 2026, Mr. Sunde filed a motion requesting a 72-hour extension to file his response brief.  ECF No. 29.  Mr. Sunde contended that an extension was needed due to "opposing counsel's withholding of critical information, late-breaking discovery disputes, and acute technical failures that have materially interfered with Defendant's ability to finalize and file documents."  *Id.* at 1. Progressive denied withholding any information from Mr. Sunde but deferred to the Court on whether an extension should be granted.  ECF No. 31.  The Court did not rule on Mr. Sunde's request for an extension, nor did Mr. Sunde file a response brief within 72 hours.

On January 12, 2026, Mr. Sunde requested another extension of time to file a response asserting that cyber intrusion and technical difficulties prevented him from filing pleadings.  ECF No. 34.  Mr. Sunde did not specify how much additional time was needed.  On January 23, 2026, the motion hearing date for Progressive's motion for summary judgment, Progressive filed a Reply Brief urging the Court to grant its summary judgment motion based on Mr. Sunde's failure to respond and dispute any of the facts set forth therein.  ECF No. 35.  That same day, Mr. Sunde filed another motion requesting additional time to file a responding brief to Progressive's summary judgment motion due to ongoing unresolved technical interruptions.  ECF No. 39.  However, Mr. Sunde also filed his Response to Plaintiff's Statement of Facts (ECF No. 36) and a declaration

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 5

attacking the credibility and authenticity of the arguments and evidence Progressive relies on in its motion for summary judgment (ECF No. 37).

On February 6, 2026, Mr. Sunde filed another declaration "to explain in detail and in chronological order, how Plaintiffs and their counsel have relied on an undocumented, time-barred, and undisclosed insurance 'claim' as a procedural front to eliminate" Mr. Sunde's real claim while impeding on Mr. Sunde's ability to access information and conduct discovery.  ECF No. 42.  As of the date of this Order, Mr. Sunde has still failed to file his response brief.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), "the court may, for good, cause, extend" the deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect."  Courts apply the four-factor *Pioneer/Briones* test to assess whether a party's failure to meet a deadline constitutes "excusable neglect" by examining: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

Here, Mr. Sunde made his first request for a 72-hour extension of time to file

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 6

his response to Progressive's summary judgment motion three days after it was originally due on January 4, 2026. Mr. Sunde did not file his response within 72 hours but made two additional requests for more time. Mr. Sunde has attributed the delay to ongoing technical disruptions which has interfered with his "access to litigation files, electronic storage systems, and essential tools needed to finalize and submit the memorandum, exhibits, and other supporting documents." ECF No. 39 at 1-2. Nearly a month has passed since the motion hearing date of January 23, 2026, and Mr. Sunde has still not filed his response brief. Rather, he has filed a response to Progressive's statement of facts and two declarations attacking Progressive's handling of Mr. Sunde's insurance claims, the Underlying Lawsuit, and this case. ECF Nos. 36, 37, 42). Mr. Sunde also accuses Progressive's counsel of interfering with Mr. Sunde's ability to defend himself. ECF No. 42 at 8-10.

The Court does not find that Mr. Sunde's multiple requests for an extension of time to file his response, and now radio silence, constitutes excusable neglect. Progressive's summary judgment motion hearing date has long since passed and Mr. Sunde has not provided an adequate reason for the ongoing delay. Mr. Sunde's repeated assertion that additional time is needed for discovery is unavailing as Mr. Sunde did not seek deferral of the Court's decision on Progressive's motion for summary judgment to pursue additional discovery until

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 7

his February 6 filing demanding a stay in proceedings.  ECF No. 42 at ¶ 62.

However, even if the Court construed Mr. Sunde's previous filings as request for a deferral of judgment, he has not made the required showing of (1) setting forth the specific facts he hopes to elicit from discovery; (2) the facts sought exist; and (3) those facts are essential to oppose summary judgment. *Family Home & Finance Center, Inc. v. Federal home Loan Mortgage*, 525 F.3d 822, 827 (9th Cir. 2008); *see also*, *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Furthermore, because Mr. Sunde has still not filed a response or provided any other explanation justifying the continued delay, there is no basis to conclude Mr. Sunde is acting in good faith at this point.  Thus, the Court denies Mr. Sunde's requests for additional time and will rule on Progressive's motion for summary judgment without a response.

## SUMMARY JUDGMENT

A district court has discretion to determine whether a party's failure to respond to an opposing party's argument should be deemed consent to the entry of an adverse order.  LCivR 7(e);  *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam); *see also Atain Specialty Ins. Co. v. Todd*, No. 4:18-CV-5022-RMP, 2019 WL 2030329, at *5 (E.D. Wash. Jan. 24, 2019) ("A failure to respond

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 8

to an opposing party's argument is deemed consent to the entry of an adverse order.”); *Wilcox v. Batiste*, 360 F. Supp. 3d 1112, 1125 (E.D. Wash. 2018) (granting summary judgment on two claims pursuant to LCivR 7(e) due to party's failure to respond).  However, this discretion “is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact.”  *Henry v. Gill Indus.,* 983 F.2d 943, 950 (9th Cir.1993); *see also Brydges,* 18 F.3d at 652.

### A. Washington Insurance Law

Under Washington law, the terms of a policy must be construed by a court as a whole and should be given a “fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.”  *Sears v. Grange Ins. Ass’n*, 111 Wash. 2d 636, 638 (1988).  “If the language on its face is fairly susceptible to two different but reasonable interpretations, the contract is ambiguous, and the court must attempt to discern and enforce the contract as the parties intended.”  *Feenix Parkside LLC v. Berkley N. Pac.*, 8 Wash. App. 2d 381, 386 (2019).  However, “[t]he court must enforce the contracts as written if the language is clear and unambiguous.”  *Id.*

Progressive seeks declaratory judgment that it has no further duty to defend the Steins and no further duty to indemnify either Mr. Sunde or the Steins.  ECF

ORDER DENYING DEFENDANT LEIF SUNDE’S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS’ MOTION FOR SUMMARY JUDGMENT ~ 9

No. 24 at 7.

*1. Duty to Defend*

"The duty to defend 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760 (2002) (quoting *Unigard Ins. Co. v. Leven,* 97 Wash. App. 417, 425 (1999)). Whether a duty to defend is triggered is a question of law. *See Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 52 (2007) ("Interpretation of an insurance contract is a question of law reviewed de novo.").

Progressive relies on two exclusions in the Stein Policy in arguing it has no further duty to defend. Under Exclusion 4,

> Coverage under this Part I, including our duty to defend, will not apply to any **insured person** for . . . **bodily injury** or **property damage** arising out of an accident involving any vehicle while being maintained or used by a person while employed or engaged in any **auto business**. This exclusion does not apply to **you**, a **relative**, or a **rated resident**, when using a **covered auto**.

ECF No. 26-2 at 11.

The Stein Policy defines auto business as "the business of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles." *Id.* at 8.

Progressive argues that this exclusion applies to the Underlying Lawsuit because the Accident occurred while the Lincoln was being used or maintained by

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 10

Mr. Stein while engaged in an auto business.  ECF No. 24 at 8.  Progressive provides a letter it received dated February 28, 2024 from the Stein's counsel arguing that the auto business exclusion did not apply because Mr. Stein was not in an auto business at the time of the loss but was simply moving the Lincoln from one location to another at his home shop/garage.  ECF No. 26-4 at 3.  Progressive asserts that the facts of both the FAC in the Underlying Lawsuit and the Stein's counterclaim allegations confirm that Mr. Stein was working on and/or storing the Lincoln at his auto shop when the Accident occurred.  ECF No. 24 at 8-9.

None of the Defendants have filed a response disputing this fact.  Mr. Sunde's response to Progressive's statement of facts (ECF No. 36 at 6) attempts to dispute that Mr. Stein was engaged in an auto business at the time of the Accident by noting that the Steins filed an amended answer in the Underlying Lawsuit omitting any reference to storage, however, that document has not been provided to the Court.  Thus, even if the Court were to consider Mr. Sunde's belated filings, they do not raise an issue of fact as to whether Mr. Stein was engaged in an auto business at the time of the Accident.[1]

---

[1]    Sunde also repeatedly objects to Progressive's reliance on the declaration of Gabe Baker (ECF No. 27) because it was unsworn and not made under penalty of perjury.  *See* ECF No. 36.  However, the declaration is only used to identify and

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 11

Progressive also relies on an additional exclusion in the Stein Policy. ECF No. 24 at 9. Under Exclusion 10[2], the duty to defend "will not apply to any insured person for . . . **property damage** to any property owned by, rented to, being transported by, used by, or in the charge of that **insured person**." ECF No. 26-2 at 11. It is undisputed that the Lincoln was in the charge of Mr. Stein at the time of the Accident.

Based on these two exclusions and the undisputed facts, the Court concludes Progressive does not have a duty to defend the Steins in the Underlying Lawsuit.

### 2. Duty to Indemnify

"The duty to defend is broader than the duty to indemnify." *Allstate Ins. Co.*

---

introduce the attached exhibits that Gabe Baker declares to have personal knowledge of and does not assert any independent facts. *See Skates v. Incorporated Village of Freeport*, 265 F. Supp. 3d 222, 233 (E.D.N.Y. 2017) ("Nevertheless, the Court may still consider the exhibits attached to the [attorney d]eclaration, as Plaintiff relies on upon the [d]eclaration for the limited purpose of introducing the documents, files, and records attached thereto, and not for the purpose of asserting or introducing independent facts.").

[2] Progressive cites to Exclusion 8 in its briefing but the language referenced comes from Exclusion 10.

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 12

*v. Bowen*, 121 Wash. App. 879, 884 (2004). "The duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy." *Bowen*, 121 Wash. App. at 884.

The Court has determined that Progressive has no duty to defend the Steins in the Underlying Lawsuit. Thus, where the Court has determined that the complaint creates no potential for liability, it follows that there can be no actual liability. *Liberty Mut. Ins. Co. v. Lange*, No. C20-0309JLR, 2023 WL 4704712, at *6 (W.D. Wash. July 24, 2023) ("If there is no duty to defend, then there is no duty to indemnify."). Therefore, Progressive has no duty to indemnify the Steins regarding the Underlying Lawsuit.

*3. Comprehensive Coverage under the Sunde Policy*

Progressive asserts that under the Sunde Policy, comprehensive coverage is not available to Mr. Sunde. ECF No. 24 at 10. The Sunde Policy's comprehensive coverage provision states:

> If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:
>
> 1. **Covered auto**, including an attached **trailer**;
> . . .
> and its **custom parts or equipment**, that is not caused by **collision**.
>
> A loss not caused by collision includes:
>
> 1. contact with an animal (including a bird);
> 2. explosion or earthquake;
> 3. fire;
> 4. malicious mischief or vandalism;

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 13

5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny;
8. windstorm, hail, water, or flood; or
9. breakage of glass not caused by **collision**.

ECF No. 26-1 at 21-22.

Progressive contends Mr. Stein's alleged "unworkmanlike repair" of the Lincoln following the Accident does not qualify as a "sudden, direct, and accidental loss." ECF No. 24 at 10. The Court agrees that on its face, Mr. Sunde's FAC in the Underlying Lawsuit does not allege "sudden, direct and accidental loss" that is not caused by collision.

Moreover, even if the Court were to consider the declarations and filings Mr. Sunde has provided, nowhere does he make the argument that the damages to the Lincoln fall within the Sunde Policy's comprehensive coverage. Rather, Mr. Sunde argues he never opened a claim for comprehensive coverage under the Sunde Policy and accuses Progressive of opening such a claim without Mr. Sunde's knowledge or consent. ECF No. 42 at ¶ 14. This argument does not dispute Progressive's contention that comprehensive coverage is not available under the Sunde Policy. Therefore, the four corners of Mr. Sunde's FAC in the Underlying Lawsuit do not trigger comprehensive coverage under the Sunde Policy.

//

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 14

*4. Comprehensive Coverage under the Stein Policy*

Progressive argues that after it paid the $10,000 collision limit to Mr. Sunde under his own policy, Mr. Sunde demanded Progressive pay him the comprehensive limit under the Stein Policy. ECF No. 24 at 10-11. Progressive argues that as a third party, Mr. Sunde has no rights to coverage under the Stein Policy. *Id.* at 11. The comprehensive coverage provision in the Stein Policy states, "If **you** pay the premium for this coverage, we will pay for sudden, direct and accidental loss." ECF No. 26-2 at 21. The Stein Policy defines "**you**" as "a person shown as a named insured on the declarations page" and a spouse or domestic partner if residing in the same household as a named insured at the time of a loss. *Id.* at 9-10.

Again, even if the Court were to consider Mr. Sunde's belated filings, nowhere does he contend that comprehensive coverage is available to him under the Stein Policy. On the contrary, Mr. Sunde again disputes that he made any claim for such coverage under the Stein Policy and even concedes in his most recent declaration from February 6, 2026 that "Comprehensive coverage under the Steins' policy applies only to the Steins as named insureds." ECF No. 42 at ¶ 13.

The Court concludes that Mr. Sunde is not entitled to comprehensive coverage under the Stein Policy.

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 15

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Leif Sunde's Motions for Extension of Time (ECF Nos. 29, 34, 39) are **DENIED**.

2. Plaintiffs' Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

3. A declaratory judgment shall be entered in favor of Plaintiffs that states;

   a. Progressive Direct Insurance Policy No. 71234815 (the "Stein Policy"), by its express terms, conditions, and exclusions, does not provide liability coverage to Christopher Stein or Malinda Stein for the lawsuit captioned *Leif Sunde v. Chris Stein and Jane Doe Stein dba CS Motor Sports*, Spokane County Superior Court Case No. 21-2-02787-32 (the "Underlying Lawsuit").  For that reason, Progressive Direct has no duty to defend or indemnify the Steins with respect to the Underlying Lawsuit;

   b. Progressive Casualty Insurance Policy No. 92141487 the ("Sunde Policy") does not provide comprehensive coverage to Mr. Sunde with respect to the alleged damage to Mr. Sunde's 1967 Lincoln Continental;

   c. The Stein Policy does not provide comprehensive coverage to Mr. Sunde with respect to the alleged damage to Mr. Sunde's 1967 Lincoln Continental;

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 16

d.  Progressive Direct and Progressive Casualty have no further obligations to Mr. Sunde or the Steins with respect to the Underlying Lawsuit and/or the alleged damage to Mr. Sunde's 1967 Lincoln Continental.

4.  All other pending motions are **DENIED as moot**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and close the file.

DATED February 26, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT LEIF SUNDE'S MOTIONS FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 17