FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>                    Plaintiffs,<br><br>    v.<br><br>LEIF SUNDE, CHRISTOPHER STEIN, and MALINDA STEIN,<br><br>                    Defendants. | NO. 2:25-CV-0200-TOR<br><br>ORDER DENYING RECONSIDERATION |

BEFORE THE COURT is Defendant Leif Sunde's Motion for Reconsideration (ECF No. 50). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant Leif Sunde's Motion for Reconsideration (ECF No. 50) is **DENIED**.

## BACKGROUND

The Court previously granted Plaintiffs' motion for summary judgment

ORDER DENYING RECONSIDERATION ~ 1

seeking declaratory judgment that the policy issued to Christopher and Malinda Stein (collectively the "Steins") did not provide liability coverage for property damage to Defendant Leif Sunde's vehicle, and as such had no duty to defend or indemnify the Steins in the underlying litigation brought by Mr. Sunde. ECF No. 48. The Court also granted Plaintiffs' request for declaratory judgment that both the policy issued to Defendant Sunde by Progressive Casualty (the "Sunde Policy") and the policy issued to the Steins by Progressive Direct (the "Stein Policy") did not provide comprehensive coverage to Mr. Sunde with respect to the accident. *Id.* Finally, the Court granted Plaintiffs' request for declaratory judgment that Plaintiffs have no further obligation to Mr. Sunde or the Steins with respect to the underlying lawsuit or damages to Mr. Sunde's vehicle. *Id.* Mr. Sunde now moves for reconsideration.

## DISCUSSION

Motions for reconsideration are generally disfavored. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No.*

ORDER DENYING RECONSIDERATION ~ 2

*IJ*, 5 F.3d at 1263.  The Court does not find reconsideration of its Order is warranted in this case.

Mr. Sunde first argues that his initial request for an extension of time to respond to Plaintiffs' summary judgment was timely filed because he was entitled to three additional days.  ECF No. 50 at 2.  This is incorrect.  The deadline for a pro se litigant to file a response memoranda as laid out under Local Rule 7(c) "include the additional 3-day period allowed under Federal Rules of Civil Procedure 6(d) and 45(c)."  Therefore, Mr. Sunde, proceeding pro se, had until January 5, 2026 to file a response, yet the request for an extension was not filed until January 7, 2026, making it untimely.  ECF No. 29.

The Court was not obligated to consider Mr. Sunde's untimely request for an extension.  *See* LCivR 7(e).  Moreover, the motion requested a 72-hour extension to file a response, yet Mr. Sunde did not seek an expedited hearing on the motion as required under Local Rule 7(i)(2)(C), placing the date of hearing well beyond that of Plaintiffs' summary judgment motion.  Nor did Mr. Sunde file his response within 72 hours but rather requested additional extensions days and weeks later. Mr. Sunde's response was not filed until February 25, 2026.  ECF No. 44.  The Court does not find that its failure to consider Mr. Sunde's untimely motions for extensions of time and Mr. Sunde's response to Plaintiffs' summary judgment motion manifestly unjust.

ORDER DENYING RECONSIDERATION ~ 3

Mr. Sunde's other arguments as to the Court's conduct in this case have no bearing on whether the Court should reconsider its prior ruling and are without merit in any event.[1]  And the remainder of Mr. Sunde's arguments do not demonstrate that the Court's ruling was clear error or manifestly unjust.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant Leif Sunde's Motion for Reconsideration (ECF No. 50) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.  The file remains **CLOSED**.

DATED April 22, 2026.



THOMAS O. RICE
United States District Judge

---

[1]  Mr. Sunde asserts that a motion for equitable tolling has been pending since July 2025.  Mr. Sunde filed a Notice of Preservation of Claims and Request for Equitable Tolling (ECF No. 8) on July 7, 2025.  The notice was not filed as a motion nor had Mr. Sunde asserted any crossclaims at that point, or any point since, to which equitable tolling would have applied, only a Notice of Intent to Assert Crossclaims (ECF No. 9).

ORDER DENYING RECONSIDERATION ~ 4